IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURLEY HOLDEN, JR.                                                        PLAINTIFF

v.                    Civil No. 06-2074

RICK PRESTON'S OIL FIELD SERVICE                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Curley Holden, Jr., brings this pro se employment discrimination action pursuant to Title VII of the Civil Rights Act, alleging discrimination based on race. The complaint was referred to the undersigned for a determination regarding plaintiff's status as a pauper and for service of process. The undersigned granted plaintiff pauper status and ordered that complaint be filed. (Doc. 2.) It is now determined whether the complaint should be served on the defendant.

### I. Background

In the complaint, which was received by the court on June 20, 2006 and filed on June 28, 2006, plaintiff alleges that on or about June 15, 2006, he was terminated from his position with the defendant company. He alleges that this termination was due to his race. In the complaint, plaintiff states that he filed charges against the defendant with the Equal Employment Opportunity Commission (EEOC) on June 20, 2006. (Doc. 3 at ¶ 2). He further states that he received an EEOC issued Determination and/or Notice of Right to Sue on that same date, June 20, 2006. (Doc. 3 at ¶ 3.) As the plaintiff failed to attach a copy of the EEOC charge or Right to Sue Notice, the court entered an order directing him to submit those documents no later than July 10, 2006. (Doc. 4.) On plaintiff's motion (Doc. 5), the court extended this deadline to August 4, 2006 (Doc. 6). On August 4, 2006, the plaintiff filed another motion for extension of

time. (Doc. 7.) In this second motion, plaintiff states that he is waiting on his EEOC caseworker "to let [him] know for sure that they are taking [his] case." (Doc. 7.) Plaintiff states that he was told that it would be approximately 118 days from August 2. 2006, to know for certain whether his case will be taken by the EEOC. (Doc. 7.)

## II. Discussion

Holden's complaint is subject to dismissal without prejudice. To initiate a claim under Title VII, a party must exhaust administrative remedies with the EEOC. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. *See* 42 U.S.C. § 2000e-5; *Jones v. American State Bank*, 857 F.2d 494, 499-500 (8th Cir. 1988) (receipt of a right-to-sue notice from EEOC is condition precedent to filing of Title VII claim).

Holden has been unable to provide the court with an EEOC Notice of Right to Sue. This is because the EEOC has not made a determination concerning Holden's case. This matter was pending before the EEOC when Holden submitted his complaint to this court, and the matter is still pending before the EEOC.

As Holden has not exhausted his administrative remedies before the EEOC, he may not initiate this civil action in federal court. The motion for extension of time should be denied, and the complaint should be dismissed without prejudice.

## III. Conclusion

Therefore, I recommend (1) denying plaintiff's motion for extension of time (Doc. 7) and (2) dismissing Holden's complaint without prejudice. Should he later receive an EEOC issued

AO72A
(Rev. 8/82)

Determination and/or Notice of Right to Sue, he may then bring a Title VII action against the defendant with this court.

**Holden has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Holden is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of August 2006.

                                         **/s/ Beverly Stites Jones**
                                         _____
                                         HON. BEVERLY STITES JONES
                                         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)